IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GABRIELA PTASINSKA, on behalf of herself
and all others similarly situated,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
STATE; CONDOLEEZA RICE, Secretary of
State; UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; MICHAEL
CHERTOFF, Secretary of Homeland Security;
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; EMILIO T.
GONZALEZ, Director of USCIS; F. GERARD
HEINAUER, Director of the USCIS Nebraska
Service Center;

        Defendants.

Case No.

Civil Action

JURY TRIAL DEMANDED

**07CV3795**
**JUDGE KOCORAS**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT

NOW COMES Plaintiff, GABRIELA PTASINSKA ("Ptasinska"), on behalf of herself and

all others similarly situated, by and through her attorneys, AZULAY, HORN & SEIDEN, LLC,

and as for her Complaint against Defendants states as follows:

### NATURE OF COMPLAINT

1.      On June 12, 2007 the State Department issued a visa bulletin for July, which

indicated that priority dates for employment-based immigrant petitions were current; this

indicated to eligible aliens that they had at least until July 31, 2007 to file their applications for

their green card. However, in an unprecedented move, the morning of Monday, July 2, 2007, the

State Department issued an "update," indicating that these priority dates were no longer current.

USCIS, in another unprecedented move, then issued its own update indicating that, in light of the

State Department's update, USCIS would no longer accept green card applications. Therefore, eligible aliens who were current under the June and/or July Bulletins (*see infra*) and filed in June and through July 31, 2007 are now being rejected by USCIS, as set forth in USCIS's announcement. This situation is a complete departure from federal law, regulations, and Defendants' some 30 years of pattern and practice and has harmed Plaintiff and others similarly situated.

## JURISDICTION

2. This Court has jurisdiction over this action under 28 USC §§ 1331 and 1343 as well as principles of pendent and supplemental jurisdiction. Specifically, Plaintiff's claims arise under the laws of the United States, *i.e.* the Immigration and Nationality Act ("INA"), 8 USC §1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA"), and the regulations arising thereunder. This Court also has jurisdiction under the Declaratory Judgment Act, 28 USC §2201; and the Administrative Procedure Act, 5 USC §701. This Court may grant relief pursuant to 28 USC §§1361, 2202, and 5 USC §702, *et seq.*

3. There are no administrative remedies available to Plaintiffs or class members to redress the grievances described herein. This action does not challenge the granting or denials of individual applications; therefore, the jurisdictional limitations under the INA §242, 8 USC §1252, do not apply.

## VENUE

4. Venue is proper in this district pursuant to 28 USC § 1391.

2

## PARTIES

5.     Plaintiff, Gabriela Ptasinska ("Ptasinska"), is a native of Poland and is lawfully present in the United States on an H1B non-immigrant visa, working as a land planner with Manhard Consulting, Ltd., which is engaged in the business of civil engineering services; she is a resident of Chicago, Illinois, and her priority date is December 12, 2003.

6.     Defendant, the United States Department of State ("State Department"), is a Cabinet department of the United States federal government and is the lead foreign affairs federal agency; the State Department issues the monthly visa bulletin.

7.     Defendant, Condoleezza Rice ("Rice"), is the current United States Secretary of State and is the head of the State Department. She is sued in her official capacity.

8.     Defendant, the United States Department of Homeland Security ("DHS"), is a Cabinet department of the United States federal government and is responsible for protecting the territory of the United States from terrorist attacks and responding to natural disasters.

9.     Defendant, Michael Chertoff ("Chertoff"), is the current United States Secretary of Homeland Security and is the head of DHS. He is sued in his official capacity.

10.     Defendant, the United States Citizenship and Immigration Services ("USCIS"), is a federal agency under the aegis of DHS and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities, including, *inter alia*, adjudication of immigrant visa petitions; adjudication of naturalization petitions; adjudication of asylum and refugee applications; adjudications performed at the service centers, and all other adjudications previously performed by the United States Immigration and Naturalization Service ("INS").

3

11.     Defendant, Emilio T. Gonzalez ("Gonzalez"), is the current Director of USCIS. He is sued in his official capacity.

12.     Defendant, F. Gerard Heinauer ("Heinauer"), is the current Director of the USCIS Nebraska Service Center. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

### A.  Employment-Based Immigration

13.     In general, the first step to obtain lawful permanent residence in the United States is for an employer to file with the Department of Labor an application for a labor certification to certify that there are not sufficient United States workers available, and the employment of an alien (beneficiary) will not adversely affect the wages and working conditions of workers in the United States similarly employed.

14.     In general, once the labor certification is granted, the employer files Form I-140 ("Immigrant Petition for Alien Worker") with USCIS on behalf of the alien.

15.     The "priority date" is the date on which USCIS received and accepted for filing the alien's labor certification or the I-140 application.

16.     Then, when an alien's priority date comes current, the alien files with USCIS Form I-485 ("Application to Register Permanent Residence or Adjust Status"), which, if granted, grants the alien lawful permanent residence status, i.e. the alien gets a "green card."

17.     Moreover, an alien who is eligible to adjust status pursuant to an employment based petition can also add his or her spouse and unmarried minor children as derivative beneficiaries.

4

## B. The Visa Bulletin Procedure

18.     Section 201 of the INA establishes limits on family and employment based immigration; the yearly limit for the issuance of employment-based visas is approximately 140,000.

19.     The State Department publishes a monthly visa bulletin, which, *inter alia*, lists the availability of employment-based immigrant visas for the upcoming month.

20.     Based on the listed availability, USCIS and consular officers world wide request visas for applications being adjudicated at their posts or local USCIS offices.

21.     The monthly visa bulletin indicates the availability of visas for family and employment-based preference categories, and separately lists countries that may have exceeded their allocation of visas; countries that have exceeded their allocation of visas are "oversubscribed," and individuals from those countries must wait before a visa can be issued.

22.     Only individuals with a priority date earlier than the one listed on the visa bulletin, *i.e.* the priority date came "current," may file an I-485 application. Individuals whose priority date is after the one listed in the tables must wait until the priority date is included in a table published in the monthly visa bulletin.

23.     It has been the State Department's pattern and practice for over 30 years to issue visa bulletins at mid-month that set forth the availability of visas for the following month.

24.     The State Department has archived the monthly visa bulletins that are dated since January 10, 1994 on its website. *See* http://dosfan.lib.uic.edu/ERC/visa_bulletin/.

5

## C. **The July Visa Bulletin**

25. On or about May 11, 2007, the State Department issued Visa Bulletin No. 106, Vol. VIII entitled "Visa Bulletin for June 2007" (the "June Bulletin"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

26. The June Bulletin "summarize[d] the availability of immigrant numbers during June." *Id.*

27. The June Bulletin set forth that all first-preference employment-based priority dates were "current," *i.e.* USCIS could accept applications from any alien eligible under first preference.

28. The June Bulletin, however, also set forth priority dates for, *inter alia*, second- and third-preference employment-based applications; *e.g.* only third-preference workers whose priority date was before June 1, 2005 could send the I-485 application to USCIS.

29. On or about June 12, 2007, the State Department issued Visa Bulletin No. 107, Vol. VIII entitled "Visa Bulletin for July 2007" (the "July Bulletin"), a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein.

30. The July Bulletin "summarize[d] the availability of immigrant numbers during July." *Id.*

31. The July Bulletin set forth that, *inter alia*, all first-, second-, and third-preference employment-based applications were current.

32. Indeed, the July Bulletin included the following forecast about the continued availability of employment-based immigrant visas:

6

### E. EMPLOYMENT-BASED VISA AVAILABILITY DURING THE COMING MONTHS

All Employment Preference categories except for Third "Other Workers" have been made "Current" for July. This has been done in an effort to generate increased demand by Citizenship and Immigration Services (CIS) for adjustment of status cases, and to maximize number use under the annual numerical limit. However, all readers should be alert to the possibility that not all Employment preferences will remain Current for the remainder of the fiscal year. Should the rate of demand for numbers be very heavy **in the coming months**, it could become necessary to retrogress some cut-off dates for September, most likely for China-mainland born and India, but also possibly for Mexico and Philippines. Severe cut-off date retrogressions are likely to occur early in FY-2008.

*Id.* (emphasis added).

33.    On information and belief, the visa bulletins have always been prospective; the State Department has never issued a visa bulletin reversing its position about the availability of visa numbers.

34.    However, on or about July 2, 2007, the State Department issued an "Update on July Visa Availability" (the "Update"), a true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein.

35.    The Update provided, in full, as follows:

UPDATE ON JULY VISA AVAILABILITY

The sudden backlog reduction efforts by Citizenship and Immigration Services Offices during the past month have resulted in the use of almost 60,000 Employment numbers. As a result of this unexpected action it has been necessary to make immediate adjustments to several previously announced cut-off dates. All Citizenship and Immigration Services Offices have been notified of the following:

**Effective Monday July 2, 2007 there will be no further authorizations in response to requests for <u>Employment-based</u>**

7

**preference cases**. All numbers available to these categories under the FY-2007 annual numerical limitation have been made available.

Employment preference numbers will once again be available to these chargeability areas beginning October 1, 2007, under the FY-2008 annual numerical limitation.

*Id.*, emphasis in original.

36. On information and belief, this is an unprecedented turn of events in that it is the first time in some thirty years that the State Department has purportedly rescinded a previous visa bulletin; an examination of the State Department's website reveals that it has not happened in at least a dozen years.

37. Also on July 2, 2007, USCIS issued its own update (the "USCIS Announcement") a true and correct copy of which is attached hereto as **Exhibit D** and incorporated herein.

38. The USCIS Announcement provides as follows:

USCIS Announces Update on Employment-Based Adjustment of Status Processing WASHINGTON—The Department of State has revised its July Visa Bulletin to reflect that all available employment-based immigrant visas have been allocated for fiscal year 2007. As a result, beginning today, U.S. Citizenship and Immigration Services (USCIS) is rejecting applications to adjust status (Form I-485) filed by aliens whose priority dates are not current under the revised July Visa Bulletin. U.S. immigration law limits the number of employment-based immigrant visas that may be issued each fiscal year.

*Id.*

39. On information and belief, the State Department distributed almost 60,000 employment-based visas to USCIS in June.

40. Although the yearly allotment for employment-based visas is approximately 140,000, last year Defendants only issued, on information and belief, approximately 130,000.

41.     Absent specific legislative authorization, leftover visas cannot be rolled over to the next year.

42.     On July 30, 2007, USCIS will raise its processing fees by an average of 66%.

43.     The State Department has indicated that it will not begin to issue any more employment-based visa numbers until October 1, 2007 for fiscal year 2008.

44.     Therefore, in keeping with its stated position as well as its pattern and practice, USCIS, on information and belief, will not begin to accept I-485 applications based on petitions for employment-based categories until October 1, 2007 as well.

D.  **The Impact of the Update on Plaintiff and Others Similarly Situated**

45.     Plaintiff's priority date came current under the June Bulletin.

46.     On information and belief, under Defendants' pattern and practice for some 30 years and, certainly, for the last dozen years, USCIS has relied on the State Department's bulletin for a given month and continued to accept I-485 applications through the following month.

47.     Plaintiff continued to revise and update her application, reasonably relying on the State Department's July Bulletin, which indicated that she had until at least July 31, 2007 to file her I-485 application because the July Bulletin indicated that all employment-based visas were current; indeed, the July Bulletin predicted that visas would not be exhausted until September.

48.     Indeed, on information and belief, in June 2007 USCIS requested from the State Department almost 60,000 visa numbers for pending cases, many of which had not even had their background and security checks completed, a practice that violates longstanding USCIS/INS policies and procedures as well as the State Department's Foreign Affairs Manual ("FAM").

9

49.     Counsel for Plaintiff flew from Chicago, Illinois to Lincoln, Nebraska on Monday, July 2, 2007 to file her I-485 application in person with USCIS at the Nebraska Service Center.

50.     Plaintiff's I-485 application was received by the USCIS Nebraska Service Center on July 2, 2007.

51.     The Update, however, indicates that effective immediately, *i.e.* July 2, 2007, "there will be no further authorizations in response to requests for Employment-based preference cases." Ex. C, emphasis omitted.

52.     Furthermore, the USCIS Announcement also indicates that, effective immediately, *i.e.* July 2, 2007, USCIS will reject those applications "whose priority dates are not current under the revised July Visa Bulletin." Ex D.

53.     The Update indicates, however, that there are <u>no</u> current priority dates.

54.     Therefore, on information and belief, USCIS has already rejected Plaintiff's I-485 application.

55.     Plaintiff, therefore, reasonably relying on Defendants' policies and procedures, has needlessly expended attorney fees, filing fees, travel fees, and medical examination fees.

56.     Moreover, Plaintiff's H1B status expires May 17, 2008, which is but ten months from the filing of this lawsuit.

57.     Plaintiff obtained her priority date over three years and six months ago, and it finally came current in June 2007, according to the July Bulletin, but, as set forth *supra*, the State Department indicated it will not issue any more visas until October 2007.

58.     Therefore, the earliest Plaintiff could re-file her application under the current situation would be October 2007; but this assumes that the State Department makes <u>any</u> priority date current in October, to say nothing of Plaintiff's personal priority date.

59.     Plaintiff, therefore, runs this risk that her H1B status will expire before her priority date again comes current.

60.     Furthermore, when Plaintiff's priority date again comes current (assuming the State Department does not again reverse its position), Plaintiff will have to re-file but will at that time be subject to USCIS's increased filing fees, and she will again expend attorney fees, filing fees, travel fees, and medical examination fees in preparation for the I-485 application.

## CLASS ALLEGATIONS

61.     This matter is brought pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and (b)(3) on behalf of a class consisting of individuals in employment-based categories (except for "Other Workers") whose priority dates were current under the June and July Bulletins and who either filed or mailed for filing their applications to USCIS between June 29, 2007 and July 31, 2007.

62.     The class is so numerous that joinder of all members is impracticable.

63.     There are questions of law and fact common to the class. The common questions of law include whether Defendants violated their duty in rescinding the priority dates; common questions of fact include the policies and procedures of Defendants in relation to setting and rescinding priority dates.

64.     The claims of the named Plaintiff are typical of the claims of the class. Plaintiff knows of no conflict between her interests and those of the class she seeks to represent. In defending her own rights, Plaintiffs will defend the rights of all proposed class members.

65.     The claims of the representative will fairly and adequately protect the interests of the class.

66.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.     Defendants have acted on grounds generally applicable to each member of the class insofar as, e.g., they have rescinded priority dates.

68.     Because of the reversal of the priority dates listed in the June Bulletin, Plaintiff and all others similarly situated can no longer apply for status as lawful permanent residents, effective immediately on July 2, 2007.

69.     Those whose lawful immigration status will expire prior to the start of the 2008 fiscal year (or the next date that visa numbers become available again) may have to return to their home countries at great expense and await consular processing, thus increasing their risk of losing employer sponsorship.

70.     Those who have a renewable status (such as H1B's in their first 3 year term) will have to extend that status, at great cost and risk of loss of status.

71.     Derivative spouses and children will not be able to work and travel.

72.     The consequences of being placed in such an uncertain immigration status are severe.

## COUNT I: VIOLATION OF THE FIFTH AMENDMENT

73.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs Nos. 1-74 *supra*.

74.     Plaintiff's liberty and property interests include, but are not limited to, the expended attorney fees, filing fees, travel fees, and medical examination fees in preparation for the I-485 applications as well as the arbitrary and capricious rejection of applications and potential loss of status.

75.     Defendants' acts described *supra* constitute a violation of procedural due process rights under the Fifth Amendment of the United States Constitution.

76.     Defendants' acts described *supra* also constitute a violation of substantive due process rights under the Fifth Amendment of the United States Constitution.

## COUNT II: VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

77.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs Nos. 1-78 *supra*.

78.     Defendants unlawfully have, *inter alia*, failed to accept timely applications made under the July Bulletin and have, in effect, rescinded a regulation, which has no rational connection between the facts and the rescindment made.

79.     Defendants' acts described *supra* are agency actions unlawfully withheld and, therefore, constitute violations of the Administrative Procedures Act, 5 USC §706, *et seq*.

80.     Moreover, Defendants' acts described supra are unlawful agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and therefore constitute violations of the Administrative Procedures Act, 5 USC §706(2)(A).

## COUNT III: DECLARATORY JUDGMENT ACT

81.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs Nos. 1-82 *supra*.

82.     Plaintiff seeks a declaration that Defendants' acts described *supra* are unlawful and constitute violations of legal duties that Defendants owe Plaintiff and all others similarly situated under the INA.

83.     Defendants' violation of the legal duties owed Plaintiff and all others similarly situated include, but are not limited to, arbitrarily and capriciously rejecting Plaintiff's I-485 application, which is timely under the July Bulletin.

## COUNT IV: EQUAL ACCESS TO JUSTICE ACT

84.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs Nos. 1-85 *supra*.

85.     Plaintiff, as a prevailing party in a civil action against the United States or agency or any official in the United States acting in his or her official capacity, will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 5 USC §504 and 28 USC §2412.

## COUNT V: PROMISSORY ESTOPPEL

86.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs Nos. 1-87 *supra*.

87.     On information and belief, the State Department issued the July Bulletin in good faith and with the intent that consular officials, attorneys, and other interested persons, including the aliens, would rely upon the continued availability of visas for a reasonable period, which is at least six weeks.

14

88.     On information and belief, the State Department further intended to induce the interested persons to act in accordance therewith.

89.     Plaintiff did in fact justifiably rely upon the July Bulletin and was reasonable in her actions; Plaintiff's reliance upon the July Bulletin was reasonably foreseeable and expected.

90.     As a direct result of Plaintiff's reasonable reliance on the July Bulletin, Plaintiff's I-485 application was timely when prepared and filed, yet ostensibly became untimely after the issuance of the Update.

91.     The Update was neither identified as nor intended to be a *nunc pro tunc* revision to the July Bulletin.

92.     Instead, the Update was issued in violation of the State Department's custom and practice over at least the last dozen years and acted as a complete revocation of rights extended to Plaintiff.

93.     As a direct result of the Update, USCIS is no longer accepting I-485 applications.

94.     Injustice can only be prevented by the application of the principal of promissory estoppel.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectively prays that this Court:

(i)     Assume jurisdiction over this matter;

(ii)    Certify a class of individuals consisting of individuals in employment-based categories (except for "Other Workers") whose priority dates were current under the June and/or July Bulletins and who either filed or mailed for filing their applications to USCIS between June 29, 2007 and July 31, 2007;

(iii)   Declare that Defendants' policies, practices, and customs violate the United States Constitution, the INA, and the Administrative Procedures Act;

(iv)    Enjoin Defendants from rejecting the otherwise eligible I-485 applications filed or mailed between June 29, 2007 and July 31, 2007;

(v)     Award damages in an amount to be determined at trial;

(vi)    Award reasonable attorney's fees and costs; and

(vii)   Grant such other and further relief as may be just and proper.

Respectfully submitted,

Y. Judd Azulay
Robert Gard
Linda Babich
Roland Lara
Azulay, Horn & Seiden, LLC
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
(312) 832-9200

# Visa Bulletin

*Number 106*
*Volume VIII*
*Washington, D.C.*

### VISA BULLETIN FOR JUNE 2007

### A. STATUTORY NUMBERS:

1. This bulletin summarizes the availability of immigrant numbers during June. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by May 11th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date. 2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

First : Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second : Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third : Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth : Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

First : Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second : Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

Third : Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

Fourth : Certain Special Immigrants: 7.1% of the worldwide level.

Fifth : Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of



preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Fam-ily | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPP-INES |
|---|---|---|---|---|---|
| 1st | 01JUN01 | 01JUN01 | 01JUN01 | 01JAN91 | 22APR92 |
| 2A | 22APR02 | 22APR02 | 22APR02 | 01MAY01 | 22APR02 |
| 2B | 01DEC97 | 01DEC97 | 01DEC97 | 08MAR92 | 01OCT96 |
| 3rd | 15MAY99 | 15MAY99 | 15MAY99 | 08FEB88 | 01JAN85 |
| 4th | 08JUN96 | 08JAN96 | 22JAN96 | 15JUL94 | 01MAR85 |

**\*NOTE:** For June, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 01MAY01. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 01MAY01 and earlier than 22APR02. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| **Employ-ment -Based** | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01JAN06 | 01APR04 | C | C |
| 3rd | 01JUN05 | 01JUN03 | 01JUN03 | 01JUN03 | 01JUN05 |
| Other Workers | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| Iraqi & Afghani Translators | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105 - 139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually

beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

**B. DIVERSITY IMMIGRANT (DV) CATEGORY**

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1997 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2007 annual limit being reduced to 50,000.** DV visas are divided among six geographic regions. No one country can receive more than seven percent of the available diversity visas in any one year.

For June, immigrant numbers in the DV category are available to qualified DV-2007 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 27,000 | Except: Egypt: 21,800 Ethiopia: 18,900 Nigeria: 14,600 |
| ASIA | 6,800 | |
| EUROPE | 19,000 | Except: Ukraine 11,850 |
| NORTH AMERICA (BAHAMAS) | 7 | |
| OCEANIA | 1,100 | |
| SOUTH AMERICA, and the CARIBBEAN | 1,750 | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery. The year of entitlement for all applicants registered for the DV-2007 program ends as of September 30, 2007. DV visas may not be issued to DV-2007 applicants after that date. Similarly, spouses and children accompanying or following to join DV-2007 principals are only entitled to derivative DV status until September 30, 2007. DV visa availability through the very end of FY-2007 cannot be taken for granted. Numbers could be exhausted prior to September 30.

**C. ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN JULY**

For July, immigrant numbers in the DV category are available to qualified DV-2007 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|

| | | |
|---|---|---|
| **AFRICA** | 35,500 | Except: Egypt: 22,600 Ethiopia 22,900 Nigeria 16,150 |
| **ASIA** | 7,750 | |
| **EUROPE** | 23,000 | Except: Ukraine 13,000 |
| **NORTH AMERICA (BAHAMAS)** | 12 | |
| **OCEANIA** | 1,800 | |
| **SOUTH AMERICA, and the CARIBBEAN** | 2,500 | |

**D. EMPLOYMENT THIRD PREFERENCE "OTHER WORKER" CATEGORY FOR JUNE**

A few "Other Worker" numbers which had been allocated for April were returned unused at the end of the month. As a result, a very small June allocation has been possible, for applicants with priority dates before October 1, 2001. The category will become "Unavailable" once again beginning in July and will remain so for the remainder of FY-2007.

**E. EMPLOYMENT-BASED VISA AVAILABILITY DURING THE COMING MONTHS**

The current level of demand in many of the Employment-based categories has been much lower than anticipated. As a result, the June cut-off dates have been advanced significantly in an effort to maximize number use under the annual numerical limits. At this time it appears likely that there will be additional advances during the coming months.

All readers should be aware that such cut-off date movements should allow for action to be finalized on a significant number of Citizenship and Immigration Services adjustment of status cases. Once that level of demand begins to exceed the supply of available numbers it will be necessary to make "adjustments" to the cut-off dates. At this time is in not possible to estimate when this is likely to occur, but it is expected.

**F. OBTAINING THE MONTHLY VISA BULLETIN**

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WORLDWIDE WEB. The INTERNET Web address to access the Bulletin is:

**http://travel.state.gov**

From the home page, select the VISA section which contains the Visa Bulletin.

To be placed on the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type:
**Subscribe Visa-Bulletin *First name/Last name*
(example: Subscribe Visa-Bulletin Sally Doe)**

To be removed from the Department of State's E-mail subscription list for the "Visa Bulletin", send an e-mail message to the following E-mail address :

**listserv@calist.state.gov**

and in the message body type: **Signoff Visa-Bulletin**

The Department of State also has available a recorded message with visa cut-off dates which can be heard at: (area code 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates for the following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

**VISABULLETIN@STATE.GOV**

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO:May 11, 2007

# Visa Bulletin

*Number 107*
*Volume VIII*
*Washington, D.C.*

### VISA BULLETIN FOR JULY 2007

### A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during July. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by June 12th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

First : Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second : Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third : Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth : Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

First : Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second : Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

Third : Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

Fourth : Certain Special Immigrants: 7.1% of the worldwide level.

Fifth : Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based



EXHIBIT
B

preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Fam-ily | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPP-INES |
|---|---|---|---|---|---|
| 1st | 01JUL01 | 01JUL01 | 01JUL01 | 01JAN91 | 22APR92 |
| 2A | 01JUN02 | 01JUN02 | 01JUN02 | 01AUG01 | 01JUN02 |
| 2B | 08FEB98 | 08FEB98 | 08JUN98 | 08MAR92 | 01OCT96 |
| 3rd | 15JUL99 | 15JUL99 | 15JUL99 | 08FEB88 | 01JAN85 |
| 4th | 01AUG96 | 01MAR96 | 08FEB96 | 22JUL94 | 01APR85 |

**\*NOTE:** For July, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 01AUG01. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 01AUG01 and earlier than 01JUN02. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| **Employ-ment -Based** | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | C | C | C | C |
| 3rd | C | C | C | C | C |
| Other Workers | U | U | U | U | U |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| Iraqi & Afghani Translators | C | C | C | C | C |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105 - 139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority

date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

**B. DIVERSITY IMMIGRANT (DV) CATEGORY**

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1997 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2007 annual limit being reduced to 50,000.** DV visas are divided among six geographic regions. No one country can receive more than seven percent of the available diversity visas in any one year.

For July, immigrant numbers in the DV category are available to qualified DV-2007 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 35,500 | Except: Egypt: 22,600 Ethiopia: 22,900 Nigeria: 16,150 |
| ASIA | 7,750 | |
| EUROPE | 23,000 | Except: Ukraine 13,000 |
| NORTH AMERICA (BAHAMAS) | 12 | |
| OCEANIA | 1,800 | |
| SOUTH AMERICA, and the CARIBBEAN | 2,500 | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery. The year of entitlement for all applicants registered for the DV-2007 program ends as of September 30, 2007. DV visas may not be issued to DV-2007 applicants after that date. Similarly, spouses and children accompanying or following to join DV-2007 principals are only entitled to derivative DV status until September 30, 2007. DV visa availability through the very end of FY-2007 cannot be taken for granted. Numbers could be exhausted prior to September 30.

**C. ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN AUGUST**

For August, immigrant numbers in the DV category are available to qualified DV-2007 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|

| | | |
|---|---|---|
| **AFRICA** | CURRENT | Except: Egypt: 22,600 Ethiopia 16,000 Nigeria 18,700 |
| **ASIA** | CURRENT | Except: Bangladesh 8,150 |
| **EUROPE** | CURRENT | Except: Ukraine 13,700 |
| **NORTH AMERICA (BAHAMAS)** | CURRENT | |
| **OCEANIA** | CURRENT | |
| **SOUTH AMERICA, and the CARIBBEAN** | CURRENT | |

### D. EMPLOYMENT THIRD PREFERENCE "OTHER WORKER" CATEGORY

The few remaining "Other Worker" numbers which were available for allocation were all used and the 5,000 annual numerical limit was reached during the month of June. It has therefore been necessary to make the Employment Third preference "Other Worker" category "Unavailable" for July, and it will remain so for the remainder of the fiscal year.

### E. EMPLOYMENT-BASED VISA AVAILABILITY DURING THE COMING MONTHS

All Employment Preference categories except for Third "Other Workers" have been made "Current" for July. This has been done in an effort to generate increased demand by Citizenship and Immigration Services (CIS) for adjustment of status cases, and to maximize number use under the annual numerical limit. However, all readers should be alert to the possibility that not all Employment preferences will remain Current for the remainder of the fiscal year. Should the rate of demand for numbers be very heavy in the coming months, it could become necessary to retrogress some cut-off dates for September, most likely for China-mainland born and India, but also possibly for Mexico and Philippines. Severe cut-off date retrogressions are likely to occur early in FY-2008.

### F. OBTAINING THE MONTHLY VISA BULLETIN

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WORLDWIDE WEB. The INTERNET Web address to access the Bulletin is:

**http://travel.state.gov**

From the home page, select the VISA section which contains the Visa Bulletin.

To be placed on the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type:
**Subscribe Visa-Bulletin *First name/Last name*
(example: Subscribe Visa-Bulletin Sally Doe)**

To be removed from the Department of State's E-mail subscription list for the "Visa Bulletin", send an e-mail message to the following E-mail address :

**listserv@calist.state.gov**

and in the message body type: **Signoff Visa-Bulletin**

The Department of State also has available a recorded message with visa cut-off dates which can be heard at: (area code 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates for the following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

**VISABULLETIN@STATE.GOV**

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO:June 12, 2007

# Visa Bulletin

*Number 108*
*Volume IX*
*Washington, D.C.*

**UPDATE ON JULY VISA AVAILABILITY**

Visas Home
Americans
Traveling
A to Z Index
Questions about
Visas?
Temporary
Visitors to the
Immigrants to
the U.S.
Frequently
Requested Visa
Information
Laws,
Regulation and
Visa Policy
About Visa
Services

The sudden backlog reduction efforts by Citizenship and Immigration Services Offices during the past month have resulted in the use of almost 60,000 Employment numbers. As a result of this unexpected action it has been necessary to make immediate adjustments to several previously announced cut-off dates. All Citizenship and Immigration Services Offices have been notified of the following:

**Effective Monday July 2, 2007 there will be no further authorizations in response to requests for <u>Employment-based preference cases</u>.** All numbers available to these categories under the FY-2007 annual numerical limitation have been made available.

Employment preference numbers will once again be available to these chargeability areas beginning October 1, 2007, under the FY-2008 annual numerical limitation.

Department of State Publication 9514
CA/VO: July 2, 2007





*Office of Communications*

**U.S. Citizenship and Immigration Services**

July 2, 2007

# USCIS Update

## USCIS Announces Update on Employment-Based Adjustment of Status Processing

**WASHINGTON**—The Department of State has revised its July Visa Bulletin to reflect that all available employment-based immigrant visas have been allocated for fiscal year 2007.

As a result, beginning today, U.S. Citizenship and Immigration Services (USCIS) is rejecting applications to adjust status (Form I-485) filed by aliens whose priority dates are not current under the revised July Visa Bulletin.

U.S. immigration law limits the number of employment-based immigrant visas that may be issued each fiscal year.

-USCIS-



www.uscis.gov