UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELA PTASINSKA, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED STATES DEPARTMENT OF STATE; CONDOLEEZZA RICE, Secretary of State; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; EMILIO T. GONZALEZ, Director of USCIS; F. GERARD HEINAUER, Director of the USCIS Nebraska Service Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

07 C 3795

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before this Court is Defendant's motion to dismiss Plaintiff's five-count Complaint. For the following reasons, Defendant's motion is granted.

### BACKGROUND

Plaintiff Gabriela Ptasinska ("Ptasinska") is a citizen of Poland and was granted an H1B employment non-immigrant visa. She lawfully resides in Chicago, Illinois,

and works as a land planner for Manhard Consulting, Ltd., a civil engineering firm. In hopes of becoming a permanent resident alien of the United States, Ptasinska timely filed Form I-485, an Application to Register Permanent Residence or Adjust Status ("I-485 Application"), with the United States Citizenship and Immigration Services ("USCIS") on July 2, 2007.

The USCIS is a federal agency under the Department of Homeland Security ("DHS") that is responsible for the administration of immigration and naturalization adjudication functions. Among its duties, USCIS establishes immigration service policies and priorities and adjudicates immigrant visa petitions. The Department of State ("State Department") works in conjunction with USCIS to manage the individual allotment of employment-based immigrant visas. Each month, the State Department issues a visa bulletin estimating the number of anticipated visas that will be issued during any quarter of any fiscal year. Only individuals with a priority date earlier than the one listed on the visa bulletin may file an I-485 Application. The priority date is the date on which USCIS receives and accepts for filing the alien's labor certification in cases for which a labor certification is required before an employer may file Form I-140, which is an Immigration Petition for an Alien Worker. Ptasinska had a priority date of December 12, 2003.

On or about May 11, 2007, the State Department issued a visa bulletin summarizing the availability of immigrant numbers during June, which stated that third-preference employment workers, like Ptasinska, whose priority date was before June 1, 2005, could send their I-485 application to USCIS. Then, on July 2, 2007, the State Department issued the following update to the May 11, 2007 visa bulletin:

> The sudden backlog reduction efforts by Citizenship and Immigration Services Offices during the past month have resulted in the use of almost 60,000 Employment numbers. As a result of this unexpected action it has been necessary to make immediate adjustments to several previously announced cut-off dates. All Citizenship and Immigration Services Offices have been notified of the following:
>
> **Effective Monday July 2, 2007 there will be no further authorizations in response to requests for <u>Employment-based preference cases</u>.**
>
> All numbers available to these categories under the FY-2007 annual numerical limitation have been made available.
> Employment preference numbers will once again be available to these chargeability areas beginning October 1, 2007, under the FY-2008 annual numerical limitation.

The issuing of this visa bulletin on the same day that Ptasinska submitted her I-485 Application led Ptasinska to believe that USCIS would not accept her I-485 Application. In response, on July 6, 2007, Ptasinska filed a five-count class action suit against Defendant United States Department of State; Defendant Condoleeza Rice; Defendant United States Department of Homeland Security; Defendant Michael Chertoff; Defendant United States Citizenship and Immigration Services; Defendant Emilio T. Gonzalez; and Defendant F. Gerard Heinauer, alleging violations under:

Count 1) the Fifth Amendment; Count 2) the Administrative Procedures Act; Count 3) the Declaratory Judgment Act; Count 4) the Equal Access to Justice Act; and Count 5) Promissory Estoppel.

On August 23, 2007, Ptasinska received notification that her I-485 Application had been denied. That same day, Defendant's counsel allegedly contacted Ptasinska's counsel and informed Ptasinska's counsel via telephone how to immediately re-submit Ptasinska's I-485 Application. On August 27, 2007, Defendant's counsel also allegedly provided Ptasinska with special mailing instructions not available to the public and the name of a contact person within the USCIS Nebraska Service Center. Ptasinska allegedly followed Defendant's counsel's instructions and sent her I-485 Application to USCIS on August 28, 2007. USCIS received Ptasinska's I-485 Application on August 31, 2007. Four days later, on September 4, 2007, Defendants filed the instant motion to dismiss Ptasinska's Complaint under Fed. Rule Civ. P. 12(b)(1) and 12(b)(6) on the ground that the Complaint lacked subject matter jurisdiction and failed to state a claim upon which relief could be granted. Ptasinska's I-485 Application has since been accepted by USCIS.

## LEGAL STANDARD

In evaluating motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), we accept as true all well-pleaded facts and draw all reasonable inferences in

favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *Sapperstein*, 188 F.3d at 855. While the notice pleading standard, which is presently applicable, does not require the plaintiff to plead facts or legal theories, "'the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action, [and] not simply conclusions.'" *Hefferman v. Bass,* 467 F.3d 596, 599 (7th Cir. 2006). Under Rule 12(h)(3), a challenge to subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 445 (2004). Further, under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction, and the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). With these legal principles in mind, we consider the instant motion.

## DISCUSSION

**A.  Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Article III, § 2 of the United States Constitution, provides that federal court jurisdiction is limited to "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). The existence of a dispute between parties at the origination of the suit must remain throughout the entirety of the suit in order for the federal court to have jurisdiction. *Honig*, 484 U.S. at 317. "Simply stated, a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486 (1969). This court "may not give opinions upon moot questions or abstract propositions." *Protestant Memorial Medical Center, Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006).

Plaintiff's suit is rooted in the denial of her I-485 Application by USCIS. USCIS has since accepted Plaintiff's I-485 Application. Accordingly, Plaintiff's claims are moot and this court does not have jurisdiction.

With regard to Plaintiff's claims brought on behalf of a class of persons, we note that Defendants' motion to dismiss was filed prior to Plaintiff ever moving this court to certify such class. Nonetheless, the Seventh Circuit has held that district courts may consider a motion to dismiss prior to a Plaintiff's motion for class certification. *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937. 941 (7th Cir. 1995). Where the class representative's claim becomes moot, but not all the named plaintiffs claims have become moot, the action is not considered moot, "so long as a single representative plaintiff can continue to maintain a justiciable claim." *Davis v. Bell Memorial Hosp. Ass'n, Inc.*, 753 F.2d 1410, 1416 (1985). Because Ptasinska is the only individual named as a class representative in the instant matter and all of her individual claims are moot, the alleged class's claims are also moot.

Ptasinska argues that even if her claim is moot, class certification should still stand because Defendants picked off Ptasinska by accepting her I-485 Application after she filed suit on behalf of the class. In support of her position, Ptasinska argues that the Third Circuit has held that class certification is appropriate in certain cases where the plaintiff's individual case has become moot, especially where the defendants have "picked off" the named plaintiff. The issue of "picking off" has not been addressed by the Seventh Circuit, however, the United States Supreme Court in *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, found that Fed. R. Civ. P. 23 currently allows defendants to "pick off" plaintiffs as long as such action takes place before the class certification is filed. 445 U.S. 326, 339 (1980). As previously mentioned, class certification has not yet taken place in the instant matter. Therefore, the fact that Ptasinska's I-485 Application has been accepted does not keep the class claims she sought to represent from being moot as well.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Ptasinska's complaint [20] under Fed. R. Civ. P. 12(b)(1) is granted.

_Charles P. Kocoras_

Charles P. Kocoras
United States District Judge

Dated: November 1, 2007