UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIELA PTASINSKA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF STATE; CONDOLEEZZA RICE, Secretary of State; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; EMILIO T. GONZALEZ, Director of USCIS; F. GERARD HEINAUER, Director of the USCIS Nebraska Service Center, | ) ) ) ) ) ) ) ) ) ) ) ) | 07 C 3795 |
| Defendants. | ) ) ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

        This matter is before this Court on Plaintiff Gabriela Ptasinska ("Ptasinska") and all other similarly situated individuals ("the purported class")'s motion to alter or amend this court's dismissal of Ptasinska's Complaint on November 1, 2001. For the following reasons, Ptasinska's motion is denied.

# BACKGROUND

Ptasinska, on behalf of herself and others similarly situated ("the purported class"), filed a five-count class action lawsuit against Defendant United States Department of State; Defendant Condoleeza Rice; Defendant United States Department of Homeland Security; Defendant Michael Chertoff; Defendant United States Citizenship and Immigration Services; Defendant Emilio T. Gonzalez; and Defendant F. Gerard Heinauer ("Defendants"). Ptasinska's claims were rooted in the United States Citizenship and Immigration Services ("USCIS")'s denial of her I-485 Application ("I-485 Application") to Register for Permanent Residence or Adjust Status.

In August 2007, Defendants filed a motion to dismiss Ptasinska's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). After considering Defendants' motion to dismiss, we determined that this court lacked jurisdiction to hear Ptasinska's suit because Ptasinska's I-485 Application had been accepted and her claims of denial had consequently become moot. We also concluded that because Ptasinska was the only individual named as a class representative and all of her individual claims were moot, the purported class's claims were also moot.

Within the time permitted by Fed. R. Civ. P. 59, Ptasinska brought the instant motion, contending that we made a manifest error of law in finding that *Deposit Guaranty Nat. Bank, Jackson, Miss v. Roper*, 445 U.S. 326, 339 (1980), stood for the

proposition that a defendant could "pick off" a named plaintiff as long as none of the named plaintiffs had not yet applied for class certification.

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) motions to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Instead, a "manifest error" consists of "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606.

## DISCUSSION

Ptasinska's Fed. R. Civ. P. 59(e) motion argues that our interpretation of *Deposit Guaranty Nat. Bank, Jackson, Miss v. Roper*, 445 U.S. 326, 339 (1980), was incorrect and resulted in a manifest error. More specifically, Ptasinska contends that we made a manifest error in concluding that *Roper* supported the notion that "Fed. R. Civ. P. 23 currently allows defendants to 'pick off' plaintiffs as long as such action takes place before the class certification is filed." *Ptasinska*, 2007 WL 3241560 at *3.

In *Roper,* plaintiffs, holders of credit cards issued by defendant bank, brought a class action against defendant. 455 U.S. at 326. The District Court in *Roper* denied plaintiffs' application for class certification and the Fifth Circuit denied plaintiffs'

motion for interlocutory appeal. *Id*. at 329. When the defendant tendered to plaintiffs the maximum amount each plaintiff could recover including legal interest and court costs, the plaintiffs refused. *Id*. Consequently, "the District Court, over [plaintiffs'] objections, then entered judgment in [plaintiffs'] favor on the basis of that tender and dismissed the action, the amount of the tender [was] deposited by [plaintiffs] in the court's registry." *Id*. at 325. The plaintiffs subsequently sought review of the District Court's denial of class certification. *Id*. Upon review, the Fifth Circuit "concluded that the case had not been mooted by the entry of judgment in [plaintiffs'] favor and reversed the [District Court's] adverse certification ruling." *Id*. at 331.

The United States Supreme Court granted writ and discussed the limited issue of "whether a tender to named plaintiffs in a class action of the amounts claimed in their individual capacities, followed by the entry of judgment in their favor on the basis of that tender, over their objections, moots the case and terminates their right to appeal the denial of class certification." *Id*. at 327. The Supreme Court conducted the following discussion in *Roper* to support its decision that the class representatives had standing to appeal the District Court's class certification decision:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the *right to appeal* simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment *before an affirmative ruling on class*

*certification* could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal *of denial of class certification* if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.

*Id.* at 339-40. (emphasis added).

A careful reading of this passage and the Supreme Court's conclusions "that *on this record* the District Court's entry of judgment in favor of [the plaintiffs] over their objections did not moot their private case or controversy, and that the [plaintiffs'] individual interest in the litigation...[was] sufficient to permit their *appeal of the adverse certification ruling*", demonstrates that the Supreme Court in *Roper* intended for its discussion about "picking off" plaintiffs to apply only to situations where the plaintiffs had already filed for class certification before the defendants attempted to "pick them off." *Id.* at 340 (emphasis added).

We are not the first court to come to this conclusion. In *White v. Humana Health Plan, Inc.*, the District Court cited *Roper* to support its opinion that Fed. R. Civ. P. 23 "permit[s] a defendant to 'pick off' plaintiffs one by one, [as long as the defendant's] offers are made before [the plaintiff's] motions for class certification are filed." 2007 WL 1297130 (N.D. Ill. May 2, 2007) *7. Similarly, in *Greisz v. Household Bank (Illinois), N.A.*, *et al.*, the Seventh Circuit cited *Roper* to demonstrate how important it is for a class representative to apply for class certification early on in its suit:

We would have a different case if the [defendant] had tried to buy off [the plaintiff] with a settlement offer greater than her claim *before* the judge decided whether to certify the class. For then [the plaintiff] would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought off *that* plaintiff as well and had repeated this tactic as [the plaintiff] scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified...an offer to one is not an offer of the *entire* relief sought by the suit, *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *Deposit Guaranty National Bank v. Roper*, [445 U.S.326, 341 (1980)] (concurring opinion)...*unless the offer comes before the class certification is sought. Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994)...

176 F.3d 1012, 1014 (7th Cir. 1999). (emphasis added).

Furthermore, the 2003 amendments to Fed. R. Civ. P. 23 support our understanding of the *Roper* court's analysis regarding a defendant's ability to "pick off" a class representative prior to class certification. *Settlement Agreements in Commercial Disputes: Negotiating, Drafting and Enforcement*. SAICD § 20.09 *20-30.1-30.2.

Fed. R. Civ. P. 23 (e) states in relevant part: "The claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added). "Before 2003, Rule 23(e)(1) required court approval of any settlement of 'a class action.' The 2003 amendments to that rule, however required court approval only of settlements for members of a 'certified class.'" *Settlement Agreements in Commercial Disputes: Negotiating, Drafting and Enforcement*. SAICD § 20.09 *20-30.1-30.2. This change "may imply that

defendants are free, before certification, to offer settlements to named plaintiffs and thereby pick them off." *Id.*

As we noted in our November 2007 opinion, Ptasinska had not yet applied for class certification before her individual claims became mooted by the USCIS's acceptance of her I-485 Application. *Ptasinska*, 2007 WL 3241560 at *7. This single fact and our discussion of *Roper* above demonstrates that we did not totally disregard, misapply or fail to recognize *Roper* as controlling precedent. *Oto*, 224 F.3d at 606. As such, we do not believe that we made any manifest errors in our assertion that *Roper* stands for the proposition that Fed. R. Civ. P. 23 currently allows defendants to "pick off" plaintiffs prior to class certification.

### CONCLUSION

_____For the foregoing reasons, Ptasinska's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) is denied.

Charles P. Kocoras
United States District Judge

Dated:  January 31, 2008